IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TRACY LYN NEELY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0075 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner TRACY LYN NEELY. By his habeas application, petitioner challenges a December 30, 2004 prison disciplinary proceeding wherein petitioner was found guilty of the Level 2, Code 30 disciplinary offense of soliciting assistance from a TDCJ staff member to violate TDCJ rules or employee rules which prohibit the acceptance of goods, money, services or favors and the rule against trafficking and/or trading. Petitioner's punishment included the forfeiture of 60 days good time credits.[1]

Following the finding of guilt in the disciplinary proceeding, petitioner filed a Step 1 grievance which was denied on January 16, 2005. Petitioner then filed a Step 2 grievance which was denied on February 7, 2005. For the reasons hereinafter set forth, it is the opinion of the

---

[1]Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

undersigned United States Magistrate Judge that petitioner's petition for a writ of habeas corpus should be DENIED.

I.
STATE COURT CONVICTION

Petitioner is in the lawful custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), as a result of a judgment and sentence out of the 232nd Judicial District Court of Gray County, Texas. In Cause No. 945538, petitioner was found guilty of assault and on February 27, 2004, he was sentenced to a term of imprisonment of three (3) years.

Further elaboration of the specifics of petitioner's state court convictions and any post-conviction proceedings are unnecessary because, in this habeas petition, petitioner challenges only the result of the disciplinary proceeding.

II.
PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to the disciplinary proceeding in Case No. 20050119860 in the following respects:

1. His due process rights were violated because:
   a. he was denied the right to call witnesses and cross examine witnesses including the charging officer;
   b. the hearing tape ran out; and
   c. he was held in pre-hearing detention for more than 72 hours;

2. The evidence was insufficient, petitioner did not solicit the accusing officer, the accusing officer solicited him; and

3. Petitioner is a psychiatric patient and the Mentally Retarded Offender

Program (MROP) was not followed.[2]

### III.
### EXHAUSTION OF STATE COURT REMEDIES

Petitioner filed his federal application after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, no relief may be granted to petitioner unless he has exhausted the remedies available in the courts of the State, or an exception to exhaustion exists. 28 U.S.C. § 2254 also provides that an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State. This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030 1031-32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c). *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[3]

As argued by respondent, petitioner filed Step 1 and Step 2 grievances appealing the finding of guilt through the prison or TDCJ grievance procedure. However, respondent has argued, petitioner's claims 1(b) and 1(c) are procedurally barred because petitioner did not present claim 1(c) in his Step 1 grievance, presenting it only in his Step 2 grievance, and failed to present claim 1(b) in his Step 2 grievance. It thus appears to the Court that petitioner's claims

---

[2] In his original application petitioner avers, "the MROP was not followed." Pet. at 7. Petitioner did not elaborate on the issue and respondent assumed, for the purposes of addressing petitioner's claim, that he referred to the Mentally Retarded Offenders Program. In his Response, petitioner clarifies that he is referring to this program.

[3] At the present time, the petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo,* 759 S.W.2d 671 (Tex. Crim. App. 1988).

1(b) and 1(c) were not exhausted and that he is now procedurally barred, by TDCJ time limits, from presenting these claims to state authorities. For this reason, petitioner's claims 1(b) and 1(c) should be dismissed for failure to exhaust. The merits of petitioner's other claims are addressed below.[4]

## IV.
## MERITS

In order to prevail, petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions required to be satisfied. Those are: (1) advance written notice of the charges; (2) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

It is the law of the Fifth Circuit that the findings of the prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Further, the federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of some facts, or any evidence at all. *Gibbs v.*

---

[4] This Court may deny an application for a writ of habeas corpus on the merits, notwithstanding the failure of the applicant to exhaust all available remedies. 28 U.S.C. § 2254(b)(2).

*King*, 779 F.2d 1040, 1044 (5th Cir. 1986).

In this case, petitioner appears to aver in his remaining first claim, 1(a), that his due process rights were violated under Section (2) listed above, because he was denied an opportunity to call witnesses and/or present documentary evidence when such presentation was not unduly hazardous to institutional safety or correctional goals. In his original petition, petitioner did not identify what witnesses he was denied, other than to say he was denied the right to cross-examine his "accuser" as well as another unnamed witness. (Petitioner's Application at 7-8). In his Response to respondent's Answer, petitioner contends he compiled a list of questions for officer Parsons and inmate Rushing and that although admitted at the hearing, the questions were not answered. (Petitioner's Response at 3). Petitioner also identified officer Parsons as his "accuser" in his Response. (*Id*. at 6).

At the hearing, petitioner indicated he wanted inmate Rushing to be present as a witness and the record indicates he wanted Officer Parsons available. (Respondent's Answer at 9, citing Hearing Tape and Disciplinary Hearing Record (DHR) at 15). As argued by respondent, inmate Rushing was interviewed by petitioner's counsel substitute and a written, signed statement was obtained and read by counsel substitute at the hearing. (Respondent's Brief at 9, citing DHR at 17). Any testimony by inmate Rushing at the hearing would have been duplicative and the hearing officer was within his rights to reject it as such. Further, inmate Rushing's presence would not have changed the outcome of the hearing because there was other evidence to support the finding of guilt. Petitioner has failed to demonstrate prejudice.

As to the absence of Officer Parsons, respondent has correctly articulated that any testimony or cross examination of the officer would have been duplicative. The statements of Lt.

Jonas and Sgt. Vanderberg and the statement and testimony of the charging officer, Capt. Andis, who was present at the hearing, corroborate Parson's version of the events.

The right to call witnesses at a prison disciplinary hearing is not absolute. Prison officials may deny a request when the projected testimony is irrelevant, unnecessary, or creates a hazard to institutional safety or correctional goals. In *Ponte v. Real*, 471 U.S. 491, 499, 105 S.Ct. 2192, 2197, 85 L.Ed.2d 553 (1985), the Supreme Court remarked that the discretion of prison officials was so broad that "it may be that a constitutional challenge to a disciplinary hearing [based upon an inmate's right to call witnesses] . . . will rarely, if ever, be successful." This case does not present one of those rare instances where the denial of witnesses, even if such was erroneous, justifies relief to petitioner. This claim is without merit.

Petitioner claims in his second ground, that he did not solicit officer Parsons but that the officer solicited him. According to TDCJ officials, officer Parsons was assigned by Lt. Jonas to investigate how tobacco was being brought into the unit. As part of the investigation, officer Parsons led petitioner to believe he was interested in making some money and petitioner offered to give him $100.00 in exchange for tobacco products, ten cans of snuff. (Respondent's Brief at 13). Petitioner wrote a letter to his Mother instructing her to send officer Parsons money so the officer could bring petitioner tobacco products and coffee. Officer Parsons turned the letter over to Lt. Jonas and Sgt. Vanderberg who conducted the investigation which resulted in petitioner's guilt. Petitioner's conclusory allegation to the contrary does not demonstrate a different set of events which would entitle him to relief. Petitioner's claim must fail.

Finally, petitioner's third claim alleges TDCJ officials failed to follow the "MROP." Petitioner did not articulate, in his original petition, what MROP he was referencing however, in

his Response to respondent's Answer, petitioner clarified he was referring to the Mentally Retarded Offender Program.  In his original habeas application, petitioner presented nothing more than a two sentence conclusory allegation that the MROP wasn't followed.  He failed to set forth any argument or evidence that he was covered by the program or demonstrate which program procedure was violated.  Petitioner's Response does not assist the Court.  While the Court may assume, for argument's sake, that petitioner has shown himself to be a participant of the Mentally Retarded Offender Program, he has asserted only a generalized allegation of rule violations, saying, "the whole MROP Plan was violated in his case." (Petitioner's Response at 8-9).  Petitioner has failed to assert any specifics for the Court to consider, nor has he offered anything to substantiate or support his allegation.  Petitioner's claim is conclusory, does not raise a constitutional issue for habeas review, and should be summarily dismissed.  *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982); *see also Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

## V.
## RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner TRACY LYN NEELY is without merit and should be, in all things, DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and

Recommendation to petitioner by the most efficient means available.

    IT IS SO RECOMMENDED.

    ENTERED this 7th day of April 2006.

                                            CLINTON E. AVERITTE
                                            UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

    Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

    Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).